# IN THE UNITED BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| HUNTER H. RENFROE, ) | |
| ) | |
| Debtor. ) | Chapter 7 Case No.: 24-02750-TOM7 |
| ) | |
| ) | |

| | |
|---|---|
| ANDERSON GLENN AND SAM HASKELL, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | ADVERSARY PROCEEDING NO._____ |
| HUNTER H. RENFROE, ) ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs, Anderson L. Glenn and Samuel Haskell (hereinafter collectively referred to at times herein as the "Plaintiffs" or "Creditors"), by and through their undersigned counsel, file this Complaint against Debtor/Defendant Hunter H. Renfroe ("Renfroe" or "Debtor") as follows:

## PARTIES

1. Creditor, Anderson L. Glenn is an adult resident citizen of Jefferson County, Alabama. Anderson L. Glenn is a creditor in the above-styled Chapter 7 bankruptcy case (the "Bankruptcy").

2. Creditor, Samuel Haskell is an adult resident citizen of Jefferson County, Alabama. Samuel Haskell is a creditor in the Bankruptcy.

3. Renfroe is, and was at all times relevant to this Complaint, legally competent, and an adult, an individual, and a resident of the State of Alabama.

4. Hunter H. Renfroe is the Debtor in the Case.

## JURISDICTION

5. On or about September 10, 2024 (the "Petition Date"), Renfroe voluntarily initiated this Case by filing for protection under Chapter 7 of 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This matter involves the determination of dischargeability of debts that impact the Debtor's estate.

7. This action is brought pursuant to 11 U.S.C. §§ 105, 523, and 541.

8. This matter is filed in accordance with Fed. R. Bankr. P. 4007, 7001(6).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

10. On October 8, 2018, as an inducement to lend $1.35 Million to Renfroe, Renfroe entered into and executed a Membership Interest Pledge Agreement with GID Capital, LLC ("GID"), Dunbar Investments LLC ("Dunbar") and Haskell (the "Pledge Agreement"). In the Pledge Agreement, Renfroe pledged his entire interest in Avondale Holdings, LLC ("AH1"), of which he was the sole member and the manager, to serve as

2

security for a loan (discussed below). A true and correct copy of the Pledge Agreement is attached hereto as Exhibit 1.

11. At the time of the execution of the Pledge Agreement, AH1 owned certain real property located in Jefferson County, Alabama in the Avondale area. Those properties are identified on Exhibit 2 hereto.

12. In reliance on the Pledge Agreement and Renfroe's promises of payment, Haskell loaned Renfroe $750,000 as confirmed by the executed Secured Promissory Note dated October 10, 2018, a true and correct copy of which is attached as Exhibit 3 hereto (the "First Haskell Note"). The First Haskell Note called for monthly, interest-only payments and payment in full no later than April 2019; however, Renfroe failed to pay the First Haskell Note when due or the amounts owed to GID and Dunbar when due.

13. In 2020, with the First Haskell Note and GID and Dunbar notes past due, Renfroe solicited an extension of the notes from Haskell and Glenn, who became the owner of the amounts loaned to Renfroe by GID and Dunbar. To induce Haskell and Glenn from enforcing the notes and seeking collection, on June 1, 2020, Renfroe entered into and executed an Amended and Restated Membership Interest Pledge Agreement ("the Amended Pledge Agreement") by and between Renfroe, as the borrower and Plaintiffs for the property owned by AH1 in the loan amount to Renfroe in the principal amount of $1,080,000. A true and correct copy of the Amended Pledge Agreement is attached hereto as Exhibit 4.

14. As part of the Amended Pledge Agreement, Renfroe was also required to enter into an Amended and Restated Secured Promissory Note from Renfroe in favor of

3

Haskell in the principal sum of $730,000.00 and an Amended and Restated Secured Promissory Note from Mr. Renfroe in favor of Glenn in the principal sum of $150,000.00 (collectively the "Notes"). True and correct copies of the Notes are attached hereto as Exhibit 5.

15. Most importantly, on June 1, 2020, as inducement to Plaintiffs to forebear from exercising their rights and enforcing the Notes and related security agreements, Renfroe and AHI entered into and executed an Agreement Not to Transfer or Encumber Real Property ("Agreement Not to Transfer") with Plaintiffs. Under the Agreement Not to Transfer, Renfroe and the entity of which he was the sole owner and the manager, AHI, agreed not to transfer or encumber certain real property owned by AHI as more specifically described in Exhibit "A" that is attached to the Agreement Not to Transfer (the "Property"). (*See* the Agreement Not to Transfer or Encumber Real Property, attached hereto as Exhibit 6).

16. Plaintiffs relied on Renfroe's representations that he would not transfer or encumber the Property when negotiating the June 1, 2020, deal.

17. Upon information and belief, Renfroe, at that time, had no intention of abiding by the Agreement Not to Transfer.

18. Shortly after entering into the Agreement Not to Transfer, Renfroe breached that Agreement Not to Transfer, acted contrary to his representations that he would not encumber or transfer any assets owned by AH1 and caused AH1 to transfer the Property without obtaining the necessary written permission from the Plaintiffs under the Agreement Not to Transfer.

4

19. To accomplish his fraudulent plan to deprive Plaintiffs of their rights, Renfroe formed a company called Avondale Holdings II, LLC ("AH2").

20. On September 14, 2022, Renfroe caused AH1 to transfer a portion of the Property to AH2, which then mortgaged the transferred property to secure a loan from Southern States Bank in the amount of $465,000.

21. Upon information and belief, AH1 did not receive fair market or reasonably equivalent value from AH2 in exchange for the transferred property, and such transfer of property rendered AH1 insolvent and/or unable to pay its debts when due.

22. Renfroe and AH1 failed to obtain written permission from the Plaintiffs prior to transferring and encumbering the Property.

23. After stripping AH1 of its only valuable assets (real estate) – thus rendering the Amended Pledge Agreement worthless – Renfroe then defaulted on his obligations under the Notes and failed to make payments when due.

## COUNT I

**The Debt Owed by Renfroe to Plaintiffs Should be Excepted from Discharge Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code**

24. Plaintiffs adopt, reallege, and incorporate the previous paragraphs as if fully set forth herein.

25. Through the actions described above, Renfroe obtained money, property, services, and/or an extension, renewal, or refinancing of credit by false pretenses, false representation, or actual fraud.

5

Case 24-00050-TOM   Doc 1   Filed 12/06/24   Entered 12/06/24 15:04:24   Desc Main
Document    Page 5 of 7

26. The Court should rule that pursuant to 11 U.S.C. § 523(a)(2)(A), any and all debts owed by Renfroe to Plaintiffs are excepted from discharge as a result of Renfroe's "false pretenses, false representation, or actual fraud."

**WHEREFORE**, Plaintiffs requests that the Court:

(1) enter a nondischargeable judgment in favor of Plaintiffs and against Renfroe pursuant to §523(a)(2)(A) of the Bankruptcy Code for any and all debts owed by Renfroe to Plaintiffs;

(2) find and declare that the judgment shall be nondischargeable in this bankruptcy case and any other case filed by Renfroe under the Bankruptcy Code; and

(3) grants such other and further relief as may be warranted.

Respectfully submitted,

*/s/ John G. Dana*
JOHN G. DANA (ASB-0493-A52J)

**OF COUNSEL:**
GORDON, DANA & GILMORE, LLC
600 University Park Place
Suite 100
Birmingham, Alabama 35209
Telephone: (205) 874-7950
Facsimile: (205) 874-7960
jdana@gattorney.com

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this has been served upon the following by United States mail, first class postage prepaid and properly addressed, by facsimile or by Electronic Filing, on this the 6th day of December, 2024.

J. Theodore Stuckenschneider, II
Ted Stuckenschneider, P.C.
1804 7th Avenue North, Ste. E
Birmingham, Alabama 35203
Telephone: (205) 324-5631
ts@stuckenlaw.com
*Attorney for Debtor Hunter H. Renfroe*

Andre' M. Toffel
Andre' M Toffel, PC
450A Century Park South, Ste. 206-A
Birmingham, Alabama 35226
Telephone: (205) 252-7115
atoffel@toffelpc.com
*Trustee*

                                        */s/ John G. Dana*
                                        OF COUNSEL