# **EXHIBIT 3**

# SECURED PROMISSORY NOTE

$750,000                                                                October 10, 2018

**FOR VALUE RECEIVED**, Hunter Renfroe, an Alabama resident ("*Borrower*"), hereby promises to pay, in lawful money of the United States of America, to the order of Samuel Haskell, an Alabama Resident ("*Lender*"), the principal sum of three hundred thousand and Zero Cents (**$750,000.00**), plus an origination fee equal to 1% of the principal sum of the loan ("*Origination*"), together with interest on the unpaid principal balance from the date hereof at a fixed interest rate equal to fourteen percent (14%) per annum on a monthly compounding schedule, the principal sum and interest being payable as set forth below.

*HI.*

Interest payments will be made monthly, accruing from the date above, with the first payment due on November 1, 2018, payable to the address below, and subsequent payments due on the first of each month thereafter. The full amount of accrued interest up to that date will be due in full. Payment to the Lender will be postmarked no later than the due date by check to the Lender's address below or as designated by the Lender in writing to the Borrower. Interest shall be computed on the monthly balance of the loan.

The entire remaining outstanding principal balance of this Secured Promissory Note (the "*Note*") plus Origination and any accrued interest hereunder shall be due and payable on the 6 month anniversary of the date hereof, or April 9, 2019. All payments under this Note shall be paid to Lender at such place as Lender may designate from time to time in writing, and shall be applied first to accrued interest and then to principal. Borrower shall have the option to prepay the principal amount due under this Note in whole or in part at any time without penalty.

*Late Fee* Borrower shall pay on any payment which is not received within 10 days of the due date, an amount equal to 5% of the amount due.

*Incidence of Default* Upon the occurrence of any default in the payment of any installment of interest or principal or any other sum payable pursuant to the terms of this Note or any other event of default under the Loan Documents that is not cured within thirty (30) business days after receipt of written notice thereof from Lender (an "*Event of Default*"), then or at any time thereafter, Lender may, at its option, declare the entire remaining principal sum due hereunder, together with all interest accrued thereon, immediately due and payable, and may thereafter pursue its rights pursuant to any pledge or lien given to secure the payment of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same upon the occurrence of any subsequent Event of Default. If this Note is placed in the hands of an attorney for collection or is collected through any legal proceedings, Borrower promises to pay all expenses of collection and reasonable attorneys' fees incurred by Lender, defined as not more than $300 / hour.

*Event of Default Defined* As used herein, the term Event of Default shall include any or all of the following events:

    (a)    Borrower shall fail to pay any principal or interest due under the Note or any other amount payable hereunder when the same becomes due, monthly with 7 days of the beginning of the month and following , whether by acceleration or otherwise under the terms of the Note;

    (b)    Borrower or Guarantor shall default in the performance of any agreement, term, provision, condition, or covenant required to be performed or observed by Borrower or Guarantor hereunder or under the Loan Documents or other agreement with or in favor of Lender which is curable but is not cured within thirty (30) days of delivery of written notice of Default, or if the breach is of such a nature that it cannot reasonably be cured or remedied within the thirty (30) day period, the time period for cure shall be extended for such period as may be necessary to cure such failure with reasonable diligence, but not to exceed sixty (60) days after such written notice;

    (c)    Any financial information, statement, certificate, representation or warranty given to Lender by Borrower or Guarantor in connection with entering into this Agreement or the Loan Documents and/or any borrowing hereunder, or required to be furnished under the terms hereof or the Loan Documents, shall prove to be untrue in any material respect as determined by Lender in its sole and absolute discretion;

    (d)    Borrower or Guarantor shall be in material default under the terms of any loan agreement, promissory note, guaranty, lease, conditional sales contract, or other agreement, document, or instrument evidencing, governing, or securing any Indebtedness owing by Borrower or Guarantor to Lender, and the period of grace, if any, to cure said default shall have passed, unless such default or the underlying claim is being contested by Borrower or Guarantor based on a legitimate, good faith argument and Borrower or Guarantor has bonded or reserved sufficient monies to satisfy such default or underlying claim;

    (e)    Borrower or Guarantor shall be in material default under the terms of any loan agreement, promissory note, lease, conditional sale contract, or other agreement, document, or instrument evidencing, governing, or securing any Indebtedness in excess of $100,000.00 owed by Borrower or Guarantor to any third party, and the period of grace, if any, to cure said default shall have passed, unless such default or the underlying claim is being contested by Borrower or Guarantor based on a legitimate, good faith argument and Borrower or Guarantor has bonded or reserved sufficient monies to satisfy such default or underlying claim;

    (f)    Any final judgment shall be obtained against Borrower or Guarantor that, together with all other outstanding unsatisfied judgments against Borrower or Guarantor shall exceed the sum of $100,000.00 and shall remain unvacated, unbonded or unstayed for a period of thirty (30) days following the date of entry thereof, unless such default or the underlying claim is being contested by Borrower or Guarantor based on a legitimate, good faith argument and Borrower or Guarantor has bonded or reserved sufficient monies to satisfy such default or underlying claim;

    (g)    The occurrence of any of the following: (i) Borrower shall cease to exist, or any Guarantor that is an individual shall die, provided, however, that the death of individual

Guarantor shall not be an Event of Default hereunder if Borrower provides prompt written notice thereof to Lender and within ninety (90) days of the date of such Guarantor's death Borrower provides a substitute guarantor (which, subject to Lender approval, may be the estate of the deceased Guarantor), additional collateral, or other accommodations in favor of Lender in each case as may be acceptable to Lender, as determined in Lender's reasonable discretion, and such Person provides all documentation to effect such change, as determined in Lender's reasonable discretion; or (ii) any Lenderruptcy, insolvency, or receivership proceedings, or an assignment for the benefit of creditors, shall be commenced by Borrower or any Guarantor under any federal or state law; or (iii) if an order for relief under any present or future federal Lenderruptcy act or similar state or federal law shall be entered against Borrower or any Guarantor, or if a petition or answer requesting or proposing the entry of such order for relief or the adjudication of Borrower or any Guarantor as a debtor or a Lenderrupt or its reorganization under any present or future state or federal Lenderruptcy act or any similar federal or state law shall be filed in any court and such petition or answer shall not be discharged or denied within sixty (60) days after the filing thereof; or (iv) Borrower or any Guarantor shall become the subject of any out-of-court settlement with substantially all of its creditors; or (v) Borrower or any Guarantor is unable or admits in writing to its or their inability to pay its debts as they mature; provided, however, that if any of the conditions specified in clauses (ii) through (v) of this subsection exist with respect to any individual Guarantor, then, such conditions shall not constitute Events of Default hereunder so long as promptly after such development, and in any event within thirty (30) days of such filing or notice, Borrower shall (x) provide to Lender notice of any such development, and (y) within thirty (30) days of the date of such notice to Lender (or such later day as Lender may permit) Borrower, the remaining Guarantors and the Property (1) are not the subject of any conditions specified in clauses (ii) through (v) or threatened to be the subject of any conditions specified in clauses (ii) through (v), and (2) the remaining Guarantors have a combined net worth of at least $20,000,000 and unencumbered liquidity of at least $2,500,000 (which, for the avoidance of doubt, may include the amount of the Reserve in the Reserve Account), in each case as verified by Lender, such Default shall cease as of the date of Lender's written notice thereof to Borrower and the remaining Guarantors, not to be unreasonably delayed or withheld;

(h) Borrower shall enter into any merger or consolidation transaction, or liquidate or dissolve itself (or suffer any liquidation or dissolution), or convey, sell, lease, transfer, or otherwise dispose of, in one transaction or a series of related transactions, all or a substantial part of its property, business, or assets, except as permitted by this Agreement or unless the prior express written consent of Lender is first obtained;

(i) All or any portion of the Mortgaged Property, or any legal, equitable, or any other interest herein, shall be sold, transferred, assigned, leased or otherwise disposed of except as permitted by this Agreement or unless the prior written consent of Lender is first obtained;

(j) There is a material adverse change in the financial condition of Borrower, Guarantor, or in any Mortgaged Property;

(k) The Mortgaged Property is materially damaged or destroyed by other casualty and the loss, in the reasonable judgment of Lender, is not adequately covered by insurance actually collected in the process of collection;

(l) Borrower's failure to maintain the Management Agreement in full force and effect;

(m) Title to the Mortgaged Property is not reasonably satisfactory to Lender; or

(n) An Event of Default occurs under any of the Loan Documents.

1.2 **Rights and Remedies.** Upon the occurrence of an Event of Default, Lender may, at its option, exercise any and all of the following rights and remedies (and any other rights and remedies available to it):

(a) Lender may, by written notice to Borrower, declare immediately due and payable all unpaid principal of and accrued interest on the Note, together with all other sums payable hereunder, and the same shall thereupon be immediately due and payable without presentment or other demand, protest, notice of dishonor or any other notice of any kind, all of which are hereby expressly waived; provided, however, that upon the filing of a petition commencing a case naming Borrower as debtor under the United States Lenderruptcy Code, the principal of and all accrued interest on the Note shall be automatically due and payable without any notice to or demand on Borrower or any other party;

(b) Proceed to protect and enforce its rights by action at law (including, without limitation, bringing suit to reduce any claim to judgment), suit in equity and other appropriate proceedings including, without limitation, for specific performance of any covenant or condition contained in this Agreement;

(c) Exercise any and all rights and remedies afforded by the laws of the United States, the states in which any of the Mortgaged Property is located or any other appropriate jurisdiction as may be available for the collection of debts and enforcement of covenants and conditions such as those contained in this Agreement and the Loan Documents,

Loan funds and until reimbursed such amounts shall bear interest at the Default Rate and shall be secured by the Mortgage and all Mortgaged Property); to pay all taxes and assessments on the Land or Improvements (including the Facility) not paid by Borrower when due, which amounts shall bear interest at the Default Rate and shall be secured by the Mortgage and all Mortgaged Property; to purchase any fixtures, equipment, machinery, furniture, or any other personal property as may be necessary or desirable for the Facility; to execute all applications and certificates in the name of Borrower which may be useful or required; to prosecute and defend all actions or proceedings in connection with the Land or Improvements, fixtures, equipment, machinery, furniture, or any other personal property; and to do any act which Borrower might do in its own behalf relating to the Facility, the Mortgaged Property, the Land, or Improvements, it being understood and agreed that this power of attorney shall be a power coupled with an interest and cannot be revoked.

In the event of an acceleration of the maturity of this Note, this Note, and all other Loan Obligations of Borrower to Lender under the Loan Agreement, shall become immediately due and payable, without presentment, demand, protest, or notice of any kind, all of which are hereby waived by Borrower.

In the event this Note is not paid when due at any stated or accelerated maturity, Borrower agrees to pay, in addition to the principal and interest, all costs of collection, including reasonable attorneys' fees.

This Note shall be governed as to validity, interpretation, construction, effect, and in all other respects by the laws and decisions of the State of Alabama. Wherever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note or portion thereof shall be prohibited by or be invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

This Note is secured by that certain Guaranty Agreement delivered by Borrower and dated as of the date hereof (the "*Guaranty*"), and an Assignment of Membership Interests delivered by Borrower and dated as of the date hereof (the "*Assignment*" and together with the Guaranty the "*Loan Documents*").

All notices and other communications to Borrower required or permitted by this Note shall be in writing and will be effective, and any applicable time period will commence, when (a) delivered to the following address by hand or by a nationally recognized overnight courier service (costs prepaid) addressed to the following address or (b) transmitted electronically during normal business hours to the following e-mail addresses, in each case marked to the attention of the person (by name or title) designated below (or to such other address, e-mail address, or person as a party may designate by notice to the other parties); if transmitted outside of normal business hours, the applicable time period will commence on the next business day:

Attention: Clay Dunbar

_____

_____

_____

E-mail:

This Note may be assigned by Lender with or without recourse.

[*Signature Page follows*]

**IN WITNESS WHEREOF**, Borrower has executed this Secured Promissory Note to be effective on the date above written.

**BORROWER:**

By: _____

Name: Hunter Renfroe

Title: Self