# **EXHIBIT 5**

## AMENDED AND RESTATED
## SECURED PROMISSORY NOTE

> This note is made and executed for the purpose of restating, continuing, modifying and amending the terms of that certain promissory note in the original principal amount of $750,000.00, dated on or about October 10, 2018, as amended, executed by the Borrower and payable to Samuel Haskell. This note shall constitute a true modification or amendment of the terms of the original note which shall continue in full force and effect except as specifically modified herein. This note shall not constitute a novation, payment in full or satisfaction of the original note. This note shall continue to be secured by any and all collateral securing the original note.

**FOR VALUE RECEIVED**, Hunter Renfroe, an Alabama resident ("Borrower"), hereby promises to pay, in lawful money of the United States of America, to the order of Samuel Haskell, an Alabama resident ("Lender"), the principal sum of Seven Hundred Thirty Thousand and No/100 Dollars ($730,000.00), together with interest on the unpaid principal balance from the date hereof at a fixed interest rate equal to seventeen percent (17%) per annum on a monthly compounding schedule, the principal sum and interest being payable as set forth below.

Interest payments will be made monthly, accruing from the date above, with the first payment due on July 1, 2020, payable to the address below, and subsequent payments due on the first of each month thereafter. The full amount of accrued interest up to that date will be due in full. Payment to the Lender will be postmarked no later than the due date by check to the Lender's address below or as designated by the Lender in writing to the Borrower. Interest shall be computed on the monthly balance of the Note.

The entire remaining outstanding principal balance of this Secured Promissory Note (the "Note") plus any accrued interest hereunder shall be due and payable on December 1, 2020 (the "Maturity Date"). All payments under this Note shall be paid to Lender at such place as Lender may designate from time to time in writing and shall be applied first to accrued interest and then to principal. Borrower shall have the option to prepay the principal amount due under this Note in whole or in part at any time without penalty provided all accrued interest is also paid.

<u>Late Fee</u>. Borrower shall pay on any payment which is not received within 10 days of the

Case 24-00050-TOM    Doc 1-5    Filed 12/06/24    Entered 12/06/24 15:04:24    Desc
Exhibit 5    Page 2 of 13

due date, an amount equal to 5% of the amount due.

Incidence of Default. Upon the occurrence of any default in the payment of any installment of interest or principal or any other sum payable pursuant to the terms of this Note or any other event of default under the Loan Documents that is not cured within thirty (30) business days after receipt of written notice thereof from Lender (an "Event of Default"), then or at any time thereafter, Lender may, at its option, declare the entire remaining principal sum due hereunder, together with all interest accrued thereon, immediately due and payable, and may thereafter pursue its rights pursuant to any pledge or lien given to secure the payment of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same upon the occurrence of any subsequent Event of Default. If this Note is placed in the hands of an attorney for collection or is collected through any legal proceedings, Borrower promises to pay all expenses of collection and reasonable attorneys' fees incurred by Lender, defined as not more than $300/hour.

Event of Default Defined. As used herein, the term Event of Default shall include any or all of the following events:

(a) Borrower shall fail to pay any principal or interest due under the Note or any other amount payable hereunder within 7 days when the same becomes due, whether by acceleration or otherwise under the terms of the Note;

(b) Borrower shall default in the performance of any agreement, term, provision, condition, or covenant required to be performed or observed by Borrower hereunder or under the Loan Documents or other agreement with or in favor of Lender which is curable but is not cured within thirty (30) days of delivery of written notice of Default, or if the breach is of such a nature that it cannot reasonably be cured or remedied within the thirty (30) day period, the time period for cure shall be extended for such period as may be necessary to cure such failure with reasonable diligence, but not to exceed sixty (60) days after such written notice;

(c) Any financial information, statement, certificate, representation or warranty given to Lender by Borrower in connection with entering into this Note or the Loan Documents and/or any borrowing hereunder, or required to be furnished under the terms hereof or the Loan Documents, shall prove to be untrue in any material respect as determined by Lender in its sole and absolute discretion;

(d) Borrower shall be in material default under the terms of any loan agreement, promissory note, guaranty, lease, conditional sales contract, or other agreement, document, or instrument evidencing, governing, or securing any Indebtedness owing by Borrower to Lender, and the period of grace, if any, to cure said default shall have passed, unless such default or the underlying claim is being contested by Borrower based on a legitimate, good faith argument and Borrower has bonded or reserved sufficient monies to satisfy such default or underlying claim;

(e) Borrower shall be in material default under the terms of any loan agreement, promissory note, lease, conditional sale contract, or other agreement, document, or instrument evidencing, governing, or securing any Indebtedness in excess of $100,000.00 owed by Borrower to any third party, and the period of grace, if any, to cure said default shall have

Case 24-00050-TOM    Doc 1-5    Filed 12/06/24    Entered 12/06/24 15:04:24    Desc
Exhibit 5    Page 3 of 13

passed, unless such default or the underlying claim is being contested by Borrower based on a legitimate, good faith argument and Borrower has bonded or reserved sufficient monies to satisfy such default or underlying claim;

(f) Any final judgment shall be obtained against Borrower that, together with all other outstanding unsatisfied judgments against Borrower shall exceed the sum of $100,000.00 and shall remain unvacated, unbonded or unstayed for a period of thirty (30) days following the date of entry thereof, unless such default or the underlying claim is being contested by Borrower based on a legitimate, good faith argument and Borrower has bonded or reserved sufficient monies to satisfy such default or underlying claim;

(g) The occurrence of any of the following: (i) the death or mental incapacity of the Borrower; or (ii) Borrower shall file a bankruptcy petition or be made a party to an involuntary bankruptcy proceeding;

(h) Borrower shall fail to be the sole member or sole manager of Avondale Holdings, LLC ("Avondale");

(i) Avondale shall enter into any merger or consolidation transaction, or liquidate or dissolve itself (or suffer any liquidation or dissolution), or convey, sell, transfer, or otherwise dispose of, in one transaction or a series of related transactions, all or a substantial part of its property, business, or assets, without the prior express written consent of Lender;

(j) All or any portion of the real property currently owned by Avondale (the "Avondale Property"), or any legal, equitable, or any other interest herein, shall be sold, transferred, assigned, leased or otherwise disposed of without the prior written consent of Lender;

(k) There is a material adverse change in the financial condition of Borrower;

(l) The Avondale Property is materially damaged or destroyed by other casualty and the loss, in the reasonable judgment of Lender, is not adequately covered by insurance actually collected in the process of collection;

(m) Title to the Avondale Property is not reasonably satisfactory to Lender;

(n) An Event of Default or default occurs under any of the Loan Documents; or

(o) An Event of Default or default occurs under Amended and Restated Secured Promissory Note dated of even date herewith from Borrower in favor of Anderson L. Glenn in the principal sum of $150,000.00 or the Amended and Restated Secured Promissory Note dated of even date herewith from Borrower in favor of GID Capital, LLC in the principal sum of $200,000.00.

Rights and Remedies. Upon the occurrence of an Event of Default, Lender may, at its option, exercise any and all of the following rights and remedies (and any other rights and remedies available to it):

(a) Lender may, by written notice to Borrower, declare immediately due and payable all unpaid principal of and accrued interest on the Note, together with all other sums payable hereunder, and the same shall thereupon be immediately due and payable without presentment or other demand, protest, notice of dishonor or any other notice of any kind, all of which are hereby expressly waived; provided, however, that upon the filing of a petition commencing a case naming Borrower as debtor under the United States Bankruptcy Code, the principal of and all accrued interest on the Note shall be automatically due and payable without any notice to or demand on Borrower or any other party;

(b) Proceed to protect and enforce its rights by action at law (including, without limitation, bringing suit to reduce any claim to judgment), suit in equity and other appropriate proceedings including, without limitation, for specific performance of any covenant or condition contained in this Note;

(c) Exercise any and all rights and remedies afforded by the laws of the United States, the states in which any of the Mortgaged Property is located or any other appropriate jurisdiction as may be available for the collection of debts and enforcement of covenants and conditions such as those contained in this Note and the Loan Documents;

(d) Exercise the rights and remedies of setoff and/or Lender's lien against the interest of Borrower in and to every account and other property of Borrower which is in the possession or under the control of Lender or any Person who then owns a participating interest in the Loan, to the extent of the full amount of the Loan;

(e) Exercise its rights and remedies pursuant to any other Loan Documents; or

(f) In addition to all other remedies provided for in this Note and the Loan Documents, Lender may, at its option, and do anything in Lender's sole judgment to fulfill the obligations of Borrower hereunder, including availing itself of and procuring performance of existing contracts, amending the same, or entering into new contracts to protect the Avondale Property.

In the event of an acceleration of the maturity of this Note, this Note, and all other obligations of Borrower to Lender under the Loan Documents, shall become immediately due and payable, without presentment, demand, protest, or notice of any kind, all of which are hereby waived by Borrower.

In the event this Note is not paid when due at any stated or accelerated maturity, Borrower agrees to pay, in addition to the principal and interest, all costs of collection, including reasonable attorneys' fees.

Governing Law. This Note shall be governed as to validity, interpretation, construction, effect, and in all other respects by the laws and decisions of the State of Alabama. Wherever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note or portion thereof shall be prohibited by or be invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

Security. This Note is secured by that certain Agreement of Guaranty and Suretyship delivered by Borrower and dated as of October 8, 2019 (the "Guaranty"), an Amended and Restated Assignment of Membership Interests delivered by Borrower and dated as of the date hereof (the "Assignment") and an Agreement Not to Transfer or Encumber Real Property delivered by Borrower and dated as of the date hereof (the "Non-Encumbrance Agreement" and together with the Guaranty, the Assignment, this Note and any other documents signed in connection with this Note, the "Loan Documents").

Notices. All notices and other communications to Borrower required or permitted by this Note shall be in writing and will be effective, and any applicable time period will commence, when (a) delivered to the following address by hand or by a nationally recognized overnight courier service (costs prepaid) addressed to the following address or (b) transmitted electronically during normal business hours to the following e-mail addresses, in each case marked to the attention of the person (by name or title) designated below (or to such other address, e-mail address, or person as a party may designate by notice to the other parties); if transmitted outside of normal business hours, the applicable time period will commence on the next business day:

To Lender: Samuel Haskell
3179 Green Valley Road, #A01 305
Vestavia, Alabama 35243
Email: samuel.haskell@gmail.com

To Borrower: Hunter Renfroe
c/o Orchestra Partners
1820 3rd Avenue North, Unit 300
Birmingham, Alabama 35203
E-mail: hunter@orchestra-partners.com

Assignment by Lender. This Note may be assigned by Lender with or without recourse.

*[Signature Page follows]*

IN WITNESS WHEREOF, Borrower has executed this Secured Promissory Note to be effective on the date above written.

BORROWER:

_____
HUNTER H. RENFROE

LENDER:

_____
SAMUEL HASKELL

F:\PGS\Haskell\Renfroe Loan\Amended and Restated Secured Promissory Note (Haskell).docx

6

$150,000.00
May ___, 2020
Birmingham, Alabama

June 1

## AMENDED AND RESTATED
## SECURED PROMISSORY NOTE

This note is made and executed for the purpose of restating, continuing, modifying and amending the terms of that certain promissory note in the original principal amount of $300,000.00, dated on or about October 10, 2018, as amended, executed by the Borrower and payable to Dunbar Investments, LLC, predecessor in interest to Anderson L. Glenn. This note shall constitute a true modification or amendment of the terms of the original note which shall continue in full force and effect except as specifically modified herein. This note shall not constitute a novation, payment in full or satisfaction of the original note. This note shall continue to be secured by any and all collateral securing the original note.

**FOR VALUE RECEIVED,** Hunter Renfroe, an Alabama resident ("Borrower"), hereby promises to pay, in lawful money of the United States of America, to the order of Anderson L. Glenn, an Alabama resident ("Lender"), the principal sum of One Hundred Fifty Thousand and No/100 Dollars ($150,000.00), together with interest on the unpaid principal balance from the date hereof at a fixed interest rate equal to seventeen percent (17%) per annum on a monthly compounding schedule, the principal sum and interest being payable as set forth below.

Interest payments will be made monthly, accruing from the date above, with the first payment due on July 1, 2020, payable to the address below, and subsequent payments due on the first of each month thereafter. The full amount of accrued interest up to that date will be due in full. Payment to the Lender will be postmarked no later than the due date by check to the Lender's address below or as designated by the Lender in writing to the Borrower. Interest shall be computed on the monthly balance of the Note.

The entire remaining outstanding principal balance of this Secured Promissory Note (the "Note") plus any accrued interest hereunder shall be due and payable on December 1, 2020 (the "Maturity Date"). All payments under this Note shall be paid to Lender at such place as Lender may designate from time to time in writing and shall be applied first to accrued interest and then to principal. Borrower shall have the option to prepay the principal amount due under this Note in whole or in part at any time without penalty provided all accrued interest is also paid.

Late Fee. Borrower shall pay on any payment which is not received within 10 days of the due date, an amount equal to 5% of the amount due.

C:\Users\Glenna\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\TYE5ZWG0\Amended and Restated Secured Promissory Note (Glenn).docx

1

Case 24-00050-TOM    Doc 1-5    Filed 12/06/24    Entered 12/06/24 15:04:24    Desc
Exhibit 5    Page 8 of 13

Incidence of Default. Upon the occurrence of any default in the payment of any installment of interest or principal or any other sum payable pursuant to the terms of this Note or any other event of default under the Loan Documents that is not cured within thirty (30) business days after receipt of written notice thereof from Lender (an "Event of Default"), then or at any time thereafter, Lender may, at its option, declare the entire remaining principal sum due hereunder, together with all interest accrued thereon, immediately due and payable, and may thereafter pursue its rights pursuant to any pledge or lien given to secure the payment of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same upon the occurrence of any subsequent Event of Default. If this Note is placed in the hands of an attorney for collection or is collected through any legal proceedings, Borrower promises to pay all expenses of collection and reasonable attorneys' fees incurred by Lender, defined as not more than $375/hour.

Event of Default Defined. As used herein, the term Event of Default shall include any or all of the following events:

(a) Borrower shall fail to pay any principal or interest due under the Note or any other amount payable hereunder within 7 days of when the same becomes due, whether by acceleration or otherwise under the terms of the Note;

(b) Borrower shall default in the performance of any agreement, term, provision, condition, or covenant required to be performed or observed by Borrower hereunder or under the Loan Documents or other agreement with or in favor of Lender which is curable but is not cured within thirty (30) days of delivery of written notice of Default, or if the breach is of such a nature that it cannot reasonably be cured or remedied within the thirty (30) day period, the time period for cure shall be extended for such period as may be necessary to cure such failure with reasonable diligence, but not to exceed sixty (60) days after such written notice;

(c) Any financial information, statement, certificate, representation or warranty given to Lender by Borrower in connection with entering into this Note or the Loan Documents and/or any borrowing hereunder, or required to be furnished under the terms hereof or the Loan Documents, shall prove to be untrue in any material respect as determined by Lender in its sole and absolute discretion;

(d) Borrower shall be in material default under the terms of any loan agreement, promissory note, guaranty, lease, conditional sales contract, or other agreement, document, or instrument evidencing, governing, or securing any Indebtedness owing by Borrower to Lender, and the period of grace, if any, to cure said default shall have passed, unless such default or the underlying claim is being contested by Borrower based on a legitimate, good faith argument and Borrower has bonded or reserved sufficient monies to satisfy such default or underlying claim;

(e) Borrower shall be in material default under the terms of any loan agreement, promissory note, lease, conditional sale contract, or other agreement, document, or instrument evidencing, governing, or securing any Indebtedness in excess of $100,000.00 owed by Borrower to any third party, and the period of grace, if any, to cure said default shall have passed, unless such default or the underlying claim is being contested by Borrower based on a legitimate, good

C:\Users\Glenna\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\TYE5ZWG0\Amended and Restated Secured Promissory Note (Glenn).docx

2

Case 24-00050-TOM    Doc 1-5    Filed 12/06/24    Entered 12/06/24 15:04:24    Desc
Exhibit 5    Page 9 of 13

faith argument and Borrower has bonded or reserved sufficient monies to satisfy such default or underlying claim;

(f) Any final judgment shall be obtained against Borrower that, together with all other outstanding unsatisfied judgments against Borrower shall exceed the sum of $100,000.00 and shall remain unvacated, unbonded or unstayed for a period of thirty (30) days following the date of entry thereof, unless such default or the underlying claim is being contested by Borrower based on a legitimate, good faith argument and Borrower has bonded or reserved sufficient monies to satisfy such default or underlying claim;

(g) The occurrence of any of the following: (i) the death or mental incapacity of the Borrower; or (ii) Borrower shall file a bankruptcy petition or be made a party to an involuntary bankruptcy proceeding;

(h) Borrower shall fail to be the sole member or sole manager of Avondale Holdings, LLC ("Avondale");

(i) Avondale shall enter into any merger or consolidation transaction, or liquidate or dissolve itself (or suffer any liquidation or dissolution), or convey, sell, transfer, or otherwise dispose of, in one transaction or a series of related transactions, all or a substantial part of its property, business, or assets, without the prior express written consent of Lender;

(j) All or any portion of the real property currently owned by Avondale (the "Avondale Property"), or any legal, equitable, or any other interest herein, shall be sold, transferred, assigned, leased or otherwise disposed of without the prior written consent of Lender;

(k) There is a material adverse change in the financial condition of Borrower;

(l) The Avondale Property is materially damaged or destroyed by other casualty and the loss, in the reasonable judgment of Lender, is not adequately covered by insurance actually collected in the process of collection;

(m) Title to the Avondale Property is not reasonably satisfactory to Lender;

(n) An Event of Default or default occurs under any of the Loan Documents; or

(o) An Event of Default or default occurs under Amended and Restated Secured Promissory Note dated of even date herewith from Borrower in favor of Samuel Haskell in the principal sum of $730,000.00 or the Amended and Restated Secured Promissory Note dated of even date herewith from Borrower in favor of GID Capital, LLC in the principal sum of $200,000.00.

Rights and Remedies. Upon the occurrence of an Event of Default, Lender may, at its option, exercise any and all of the following rights and remedies (and any other rights and remedies available to it):

(a) Lender may, by written notice to Borrower, declare immediately due and payable all unpaid principal of and accrued interest on the Note, together with all other sums payable

C:\Users\Glenna\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\TYE5ZWG0\Amended and Restated Secured Promissory Note (Glenn).docx

3

Case 24-00050-TOM    Doc 1-5    Filed 12/06/24    Entered 12/06/24 15:04:24    Desc
Exhibit 5    Page 10 of 13

hereunder, and the same shall thereupon be immediately due and payable without presentment or other demand, protest, notice of dishonor or any other notice of any kind, all of which are hereby expressly waived; provided, however, that upon the filing of a petition commencing a case naming Borrower as debtor under the United States Bankruptcy Code, the principal of and all accrued interest on the Note shall be automatically due and payable without any notice to or demand on Borrower or any other party;

(b) Proceed to protect and enforce its rights by action at law (including, without limitation, bringing suit to reduce any claim to judgment), suit in equity and other appropriate proceedings including, without limitation, for specific performance of any covenant or condition contained in this Note;

(c) Exercise any and all rights and remedies afforded by the laws of the United States, the states in which any of the Mortgaged Property is located or any other appropriate jurisdiction as may be available for the collection of debts and enforcement of covenants and conditions such as those contained in this Note and the Loan Documents;

(d) Exercise the rights and remedies of setoff and/or Lender's lien against the interest of Borrower in and to every account and other property of Borrower which is in the possession or under the control of Lender or any Person who then owns a participating interest in the Loan, to the extent of the full amount of the Loan;

(e) Exercise its rights and remedies pursuant to any other Loan Documents; or

(f) In addition to all other remedies provided for in this Note and the Loan Documents, Lender may, at its option, and do anything in Lender's sole judgment to fulfill the obligations of Borrower hereunder, including availing itself of and procuring performance of existing contracts, amending the same, or entering into new contracts to protect the Avondale Property.

In the event of an acceleration of the maturity of this Note, this Note, and all other obligations of Borrower to Lender under the Loan Documents, shall become immediately due and payable, without presentment, demand, protest, or notice of any kind, all of which are hereby waived by Borrower.

In the event this Note is not paid when due at any stated or accelerated maturity, Borrower agrees to pay, in addition to the principal and interest, all costs of collection, including reasonable attorneys' fees.

Governing Law. This Note shall be governed as to validity, interpretation, construction, effect, and in all other respects by the laws and decisions of the State of Alabama. Wherever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note or portion thereof shall be prohibited by or be invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

Security. This Note is secured by that certain Agreement of Guaranty and Suretyship

C:\Users\Glenna\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\TYE5ZWG0\Amended and Restated Secured Promissory Note (Glenn).docx

4

Case 24-00050-TOM   Doc 1-5   Filed 12/06/24   Entered 12/06/24 15:04:24   Desc
Exhibit 5   Page 11 of 13

delivered by Borrower and dated as of October 8, 2019 (the "Guaranty"), an Amended and Restated Assignment of Membership Interests delivered by Borrower and dated as of the date hereof (the "Assignment") and an Agreement Not to Transfer or Encumber Real Property delivered by Borrower and dated as of the date hereof (the "Non-Encumbrance Agreement" and together with the Guaranty, the Assignment, this Note and any other documents signed in connection with this Note, the "Loan Documents").

Notices. All notices and other communications to Borrower required or permitted by this Note shall be in writing and will be effective, and any applicable time period will commence, when (a) delivered to the following address by hand or by a nationally recognized overnight courier service (costs prepaid) addressed to the following address or (b) transmitted electronically during normal business hours to the following e-mail addresses, in each case marked to the attention of the person (by name or title) designated below (or to such other address, e-mail address, or person as a party may designate by notice to the other parties); if transmitted outside of normal business hours, the applicable time period will commence on the next business day:

To Lender:   Anderson L. Glenn
             2017 Country Ridge Circle
             Birmingham, AL 35243

             E-mail: andyglenn1@gmail.com

To Borrower: Hunter Renfroe
             c/o Orchestra Partners
             1820 3rd Avenue North, Unit 300
             Birmingham, Alabama 35203
             E-mail: hunter@orchestra-partners.com

Assignment by Lender. This Note may be assigned by Lender with or without recourse.

[Signature Page follows]

C:\Users\Glenna\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\TYE5ZWG0\Amended and Restated Secured Promissory Note (Glenn).docx

5

Case 24-00050-TOM    Doc 1-5    Filed 12/06/24    Entered 12/06/24 15:04:24    Desc
Exhibit 5    Page 12 of 13

**IN WITNESS WHEREOF,** Borrower has executed this Secured Promissory Note to be effective on the date above written.

BORROWER:

_/s/ Hunter H. Renfroe_
HUNTER H. RENFROE

LENDER:

_/s/ Anderson L. Glenn_
ANDERSON L. GLENN

C:\Users\Glenna\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\TYE5ZWG0\Amended and Restated Secured Promissory Note (Glenn).docx

6

Case 24-00050-TOM    Doc 1-5    Filed 12/06/24    Entered 12/06/24 15:04:24    Desc Exhibit 5    Page 13 of 13